THERIOT, J.
li>In this custody proceeding, a father appeals a trial court judgment denying his request to modify custody and child support. For the reasons set forth herein, we reverse the trial court judgment and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
Matthew Barker and Heather Barker were married on April 17, 2005, physically separated on August 28, 2005, and were divorced by judgment dated September 11, 2006. One child was born of the marriage on January 26, 2006. The parties were granted joint custody of the minor child by consent judgment, with Ms. Barker as the domiciliary parent. The physical custody schedule was modified several times by consent judgment in order to allow Mr. Barker more time with the child. On November 30, 2012, Mr. Barker filed a petition seeking to modify custody on the grounds that a material change in circumstances had occurred since the previous consent decree and a modification would *704 be in the child’s best interests. The grounds alleged by Mr. Barker’s petition included: the child was having serious problems in school, including multiple absences and tardies; Ms. Barker allowed several men to live with her while the child was in her custody; Ms. Barker placed the child on medication which could potentially have long-term adverse effects without discussing it with him; and Ms. Barker was unable to provide the consistent and reasonable guidance to the child that he could provide. On August 29, 2013, the trial court appointed Dr. Jesse Lambert to conduct an assessment of the medical, educational, and social issues of the child and submit his findings to the court.
| sA hearing was held on Mr. Barker’s petition to modify custody on December 13, 2013. At the beginning of the hearing, Ms. Barker requested a continuance on the grounds that she did not have her witnesses present and was not prepared for the hearing. The parties also informed the court that Dr. Lambert had not completed his report. Ms. Barker objected to proceeding without Dr. Lambert’s report, because the parties had already paid him to gather all of the necessary information. The trial court informed the parties that Dr. Lambert was hospitalized for a serious illness and denied the request for a continuance. At the end of the hearing, after both parties’ closing arguments, the trial judge informed the parties that he wanted to review Dr. Lambert’s report before ruling on the matter. The trial court held the matter open for thirty days to allow Dr. Lambert additional time to submit a report. The trial court did not explain what procedure it would follow if and when it received a report from Dr. Lambert.
The trial court rendered judgment on February 6, 2014, relying on Dr. Lambert’s January 24, 2014 report and recommendations [1] and denying Mr. Barker’s request to modify custody. The trial court found that although Mr. Barker met his burden of proving that a change in circumstances materially affecting the child’s welfare occurred since the previous custody judgment was entered, Mr. Barker failed to meet his burden of proof that the proposed modification of custody is in the best interests of the child. Based upon that finding, the trial court denied Mr. Barker’s request to modify custody. Mr. Barker timely appealed.
ASSIGNMENTS OF ERROR
Mr. Barker argued the following trial court errors on appeal:
Itl. The trial court committed legal error in allowing the introduction and consideration of Dr. Lambert’s report without allowing either party to review the report or cross-examine Dr. Lambert or issue any rebuttal evidence to Dr. Lambert’s recommendations.
2. The trial court committed manifest error in denying Mr. Barker’s request to modify custody where the majority of the Civil Code article 134 factors favor Mr. Barker.
DISCUSSION
In a custody proceeding, the court may order an evaluation of a party or the child by a mental health professional selected by the parties or by the court. La. R.S. 9:331(A). The mental health professional appointed by the court in accordance with La. R.S. 9:331 “shall provide the court and the parties with a written report.” La. R.S. 9:331 (B) (emphasis added). Fur *705 thermore, “[t]he mental health professional shall serve as the witness of the court, subject to cross-examination by a party.” La. R.S. 9:331(B) (emphasis added). It is unclear from the record at what point, if ever, the parties received a copy of Dr. Lambert’s report. The report was prepared after the trial, and is not contained in the record, although a one-page excerpt is attached to the trial court’s judgment as an exhibit. Mr. Barker alleges on appeal that he did not see Dr. Lambert’s report until after the trial court rendered judgment relying on the report, and Ms. Barker does not dispute this fact. As a result, the parties did not have an opportunity to cross-examine Dr. Lambert.
The trial court’s use of Dr. Lambert’s report under these circumstances fails to comply with the mandatory requirements of La. R.S. 9:331(B) that the parties receive a copy of the report and that Dr. Lambert be subjected to cross-examination.
| ¡¿The Fourth Circuit considered a similar violation of La. R.S. 9:331(B) in Fuge v. Uiterwyk, 94-1815 (La.App. 4 Cir. 3/29/95), 653 So.2d 707. In Fuge, a custody case involving relocation of children, the trial court refused to allow the parties access to the psychiatrist’s report, in violation of La. R.S. 9:331(B). Fuge at pp. 5-6, 653 So.2d at 712. The appellate court held that the refusal to allow the parties to review the psychiatrist’s report and cross-examine the psychiatrist denied the parties fundamental due process, and since the trial court clearly relied on the psychiatrist’s opinion in rendering judgment, a reversal of the trial court judgment was required. Id. at p. 6, 653 So.2d at 712.
This court considered a similar factual situation in Richardson v. Richardson, 00-1641 (La.App. 1 Cir. 12/22/00), 774 So.2d 1264, although the Richardson case did not involve a mental health professional appointed under La. R.S. 9:331. In Richardson, the trial judge heard expert testimony by a clinical psychologist regarding the potential relocation of the parties’ children in chambers, in the presence of a court reporter and both parties’ attorneys, and prohibited the attorneys from discussing the testimony with their clients. Id. at p. 8, 774 So.2d at 1268. While acknowledging that the trial court is authorized by La. C.C. art. 135 to hear the psychologist’s testimony in chambers, in the presence of a court reporter and both attorneys, this court held that the trial court’s refusal to allow the attorneys to discuss the testimony with their clients impinged upon the parties’ right to fully explore the testimony of the expert witness on cross-examination. Id. at pp. 8-9, 774 So.2d at 1269. The Richardson court noted that the rights to confront and cross-examine witnesses have long been recognized as essential to due process, and are among the minimum essentials of a fair trial. Id. at p. 9, 774 So.2d at 1268-69. As a result, the Richardson court | (¡vacated the trial court judgment and remanded the matter for further proceedings, cautioning the trial court that in the event the psychologist’s testimony is used at a subsequent hearing, all parties are entitled to be privy to the contents of his testimony. Id. at p. 10, 774 So.2d at 1269,
In the matter of In re Custody of Landry, 95-0141 (La.App. 1 Cir. 10/6/95), 662 So.2d 169, this court reviewed a judgment rendered after the trial court considered unsworn testimony in the form of a conversation with a non-party at the close of the hearing, with no opportunity for the parties to cross-examine the witness. Holding that the denial of the opportunity to conduct a cross-examination of the witness was a clear error by the trial court which affected a substantial right of the parties, the Landry court vacated the trial court judgment which was predicated upon this testimony. Id. at pp. 6-7, 662 So.2d at 172-73.
*706 In the instant matter, the trial court relied heavily on Dr. Lambert’s report in denying the proposed modification of custody, and attached a page from Dr. Lambert’s report containing Dr. Lambert’s recommendations as an exhibit to the judgment. Relying on Dr. Lambert’s opinion without allowing the parties an opportunity to review the, report and cross-examine Dr. Lambert violates the mandatory requirements of La. R.S. 9:331(B) and constitutes a denial of due process. In accordance with the above-cited jurisprudence, this error by the trial court requires reversal of the trial court judgment and a remand for further proceedings so that the parties can be allowed an opportunity to review Dr. Lambert’s report and cross-examine the witness.[2]
^DECREE
The judgment appealed from is reversed and remanded for further proceedings consistent with this judgment. Costs of this appeal are to be shared equally by the parties.
REVERSED AND REMANDED.

. Dr. Lambert's report is not in the trial court record, although the trial court attached one page of Dr. Lambert’s report to its judgment.

. Because we must reverse the trial court judgment and remand for further proceedings, Mr. Barker’s remaining assignment of error is moot.